# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| **v.** ] | **3:18-CR-112-KOB-HNJ-1** |
| ] | |
| **CHRISTOPHER LAMAR** ] | |
| **CARROLL,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

This matter comes before the court on Christopher Lamar Carroll's "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" filed on February 19, 2021. (Doc. 37). In his motion, Mr. Carroll asks for compassionate release to care for his disabled parents. He claims that his siblings who live near his parents are "too busy with their own lives" to help his parents. For the following reasons, the court will deny Mr. Carroll's motion.

Pursuant to a plea agreement (doc. 20), Mr. Carroll pled guilty on June 4, 2018 to possession with intent to distribute 50 grams or more of methamphetamine. The court sentenced Mr. Carroll on November 2, 2018 to 168 months imprisonment, and he has served almost thirty-six months of that sentence. (Doc. 35). He is currently housed at FCI Talladega.

Mr. Carroll seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, to allow him to care for his

1

disabled parents. Upon consideration of Mr. Carroll's motion, the court finds no current entitlement to compassionate release under § 3582(c)(1)(A). Thus, the court finds that it must deny his motion.

## *DISCUSSION*

Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A prisoner can exhaust administrative remedies by (1) pursuing all avenues of appeal of the BOP's failure to bring a motion for modification of sentence, or (2) by filing a request for relief with the warden to which the warden does not respond within 30 days. *Id.*

As an initial matter, the court notes that it can properly consider Mr. Carroll's motion for compassionate release because Mr. Carroll properly exhausted his administrative remedies and can request a modification of his sentence directly from the court. *See* (Doc. 37 at 3); *see also* 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the court finds that Mr. Carroll has not met his burden of showing that he meets the criteria for compassionate release under § 3582(c)(1)(A)(i).

The court can grant a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction" and the reduction

is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In general, the defendant has the burden to show circumstances meeting the test for a reduction of sentence. *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013); *see also United States v. Heromin*, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

Mr. Carroll argues that he should qualify for compassionate release based on "extraordinary and compelling reasons" related to the need to care for his disabled parents. *See* 18 U.S.C. § 3582(c)(1)(A)(i). However, a reduction on those grounds must also be "consistent with applicable policy statements issued by the Sentencing Commission." *See id.* Rather than define "extraordinary and compelling circumstances" itself, Congress instructed the Sentencing Commission to promulgate policy statements regarding § 3582(c)(1)(A), including the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons for modifying imposed sentences. 28 U.S.C. § 994(a)(2)(C), (t).

The court can find no specifically listed policy statement applicable to Mr. Carroll's situation. One extraordinary and compelling reason in the Sentencing Commission's policy statement involves the "death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id.* § 1B1.13 cmt. 1(C). Mr. Carroll's need to take care of his disabled parents does not fit into this

circumstance.

And the catch-all provision found in Subsection D of the policy statement does not apply. Subsection D of the statement allows a reduction in sentence for "*other reasons*" where, "*[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with*" the specifically enumerated circumstances meriting a sentence reduction. U.S.S.G. § 1B1.13, application note 1(D) (emphasis added). To this court's knowledge, the Eleventh Circuit has not addressed whether relief under Subsection D's catch-all provision requires a recommendation from the BOP after the implementation of the First Step Act, which for the first time allowed prisoners to bring their own motions under § 3582. *See United States v. Harris*, ___ F.3d ___, No. 20-12023, 2021 WL 745262 (11th Cir. Feb. 26, 2021) (specifically stating that it "need not and do not reach the issue of whether the district court was required to consider § 1B1.13 n.1. If the court was required to, it did. If it was not required to, it nonetheless independently considered and rejected Harris' reasons as not 'extraordinary and compelling.'")

This court previously addressed this issue and found persuasive multiple district courts within this Circuit that have found that the policy statement, as written, remains in effect until the Sentencing Commission sees fit to change it; so, relief under Subsection D requires a finding *from the BOP* that the inmate has

extraordinary circumstances that merit relief outside of those circumstances specifically enumerated in the policy. *See United States v. Peake*, 6:13-cr-438-KOB-JHE, 2020 WL 7246617, at *1 (N.D. Ala. Dec. 9, 2020); *United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 WL 1914956, at 1 (N.D. Ala. April 20, 2020); *see also Boles v. United States*, No. 14-0199-WS, 2020 WL 6937722, at * 2 (S.D. Ala. Nov. 24, 2020); *United States v. Lynn*, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019), *appeal dismissed,* No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019); United States v. Terry, No. 3:10-cr-17-J-34JRK, 2020 WL 4261398, at * 3 (M.D. Fla. July 24, 2020); United States v. Pelloquin, No. 3:94cr3115-RV, 2020 WL 6556024, at *3 (N.D. Fla. May 29, 2020); *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019).

Specifically, the District Court for the Southern District of Alabama explained that, in 28 U.S.C. § 994, Congress directed the Sentencing Commission to issue policy statements explaining what circumstances merit sentence reduction. *Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3.  Then, Congress "prohibited courts from granting compassionate release unless 'such a reduction is consistent with applicable policy statements issued by' the Commission." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A), after its amendment by the First Step Act).  Thus, if the policy statement needs to be changed, that responsibility falls to the Sentencing

Commission (or, this court might add, Congress), not to the courts. *Id.* at 4; *see also United States v. Files*, Crim. No. 97-0099-WS, 2021 WL 400543, at *2 (S.D. Ala. Feb. 4, 2021) (citing *Lynn* and reaching this same conclusion). The District Court for the Southern District of Georgia agreed, stating that the "First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission." *Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)) (emphasis in original).

The court notes that the Second, Fourth, Sixth, and Seventh Circuits have held that the passage of the First Step Act rendered § 1B1.13 *inapplicable* to motions for compassionate release filed by prisoners. These courts reasoned that reductions in sentences under the First Step Act must be consistent with "applicable" policy statements, and because § 1B1.13 could not apply to post-First Step Act motions that now can be filed directly by prisoners, those policy statements are "inapplicable" to motions filed by prisoners. These courts maintain that, until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies a sentence reduction for compassionate release for motions filed by prisoners. *United States v. Brooker*, 976 F.3d 228, 234 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020); *United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *1 (6th

Cir. Nov. 20, 2020); *United States v. Gunn*, ___ F.3d ___, 2020 WL 6812995, at * 2 (7th Cir. Nov. 20, 2020).

This court finds the reasoning of our sister courts within this Circuit more persuasive than the reasoning in the recent cases in the Second, Fourth, Sixth, and Seventh Circuits holding otherwise. The current language of § 3582(c)(1)(A), even after amendment by the First Step Act, states that a sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Currently, the policy statement includes Subsection D's requirement for a BOP determination of extraordinary circumstances. Although the First Step Act procedurally changed who could file a motion for compassionate release, it did not change Congress' instruction for the Sentencing Commission to promulgate policy statements regarding § 3582(c)(1)(A), including the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons for modifying imposed sentences. *See* 28 U.S.C. § 994(a)(2)(C), (t). Congress empowered the Sentencing Commission—not district courts—to determine what should be considered "extraordinary and compelling" reasons for a compassionate release. *Terry*, 2020 WL 4261398, at *3. "Nothing in the First Step Act of 2018 changed this delegation of power." *Id*.

Until Congress changes the requirement to adhere to the policy statement, or

the Sentencing Commission changes the policy statement itself, this court agrees with our sister courts and finds that Subsection D requires a finding of extraordinary circumstances *by the BOP* and continues to bind the court. The court agrees with the District Judge in *Pelloquin* that this finding is more consistent with the First Step Act and "avoids turning district courts into *de facto* parole boards who review whether any inmate who contends that his situation involves any type of 'extraordinary and compelling reason' is entitled to compassionate early release from prison." *See Pelloquin*, 2020 WL 6556024, at *3.

The BOP has not determined that Mr. Carroll has extraordinary circumstances that merit a modification of sentence or compassionate release. *See* U.S.S.G. § 1B1.13, application note 1(D). Therefore, the court finds that Mr. Carroll has not met the threshold for relief under Subsection D's catch-all provision.

Even if the policy statement did not bind the court and modification of his sentence did not require a recommendation from the BOP, this court in its discretion would find that Mr. Carroll's circumstances do not merit compassionate release. Although Mr. Carroll contends his siblings who live in the surrounding area "have children and are too busy with their own lives to help" with their parents, his siblings could make arrangement to help their parents. Those arrangements may be difficult and take sacrificial actions, but they are possible.

The court is sympathetic towards Mr. Carroll's situation with his disabled parents, but that situation does not constitute an extraordinary and compelling reason to reduce Mr. Carroll's sentence, especially considering the seriousness of his offense.

Furthermore, § 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The court specifically and explicitly considered the § 3553(a) factors when imposing Mr. Carroll's sentence and found that a sentence of 168 months accurately reflected his characteristics, the seriousness of his offenses, the need to promote respect for the law, and the need to protect the public from further crimes. *See* (Doc. 33 at 16-23); 18 U.S.C. 3553(a).

The court granted the Government's motion for a downward departure based on Mr. Carroll's substantial assistance and imposed a sentence well below the advisory guideline range of 188-235 months and the mandatory minimum of 249 months. The court stated at sentencing that it took "very seriously" the "extremely large quantity of methamphetamine involved" and that Mr. Carroll's "category six criminal history is not a slight thing in the federal system." Applying all of the § 3582 factors and the fact that Mr. Carroll had no history of violence, the court found that a sentence of 168 months was reasonable. (Doc. 33 at 17). The court stands by that finding today. And, although the court acknowledges Mr. Carroll's

9

good conduct record in prison, weighing all of the § 3582 factors warrant against a sentence reduction.

Mr. Carroll does not meet the requirements for extraordinary and compelling circumstances meriting a modification of his sentence, so the court finds that he is not entitled to compassionate release under § 3582(c)(1)(A). Accordingly, the court will deny his motion for compassionate release.

The court will enter a separate Order denying the motion for compassionate release.

**DONE** and **ORDERED** this 3rd day of March, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE